```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

A.D., an individual,

       Plaintiff,

v.                              Case No:  2:22-cv-652-JES-NPM

BEST WESTERN INTERNATIONAL, INC., R&M REAL ESTATE COMPANY, INC., ROBERT VOCISANO, and MARIO VOCISANO,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant Best Western International, Inc's Motion to Dismiss and Motion to Strike (Doc. #51) filed on May 19, 2023, and defendants R & M Real Estate Company, Inc., Robert Vocisano and Mario Vocisano's Motion to Dismiss (Doc. #62) filed on June 2, 2023.  Plaintiff filed a Consolidated Response in Opposition (Doc. #66) on July 10, 2023. Both defendants filed Replies.  (Docs. ## 67, 68.)  Plaintiff filed a Notice of Supplemental Authority (Doc. #69) on August 8, 2023.

**I.**

On April 14, 2023, the Court previously granted in part defendants' motions to dismiss with leave to file an Amended Complaint.  A.D. v. Best W. Int'l, Inc., No. 2:22-CV-652-JES-NPM, 2023 WL 2955832, at *1 (M.D. Fla. Apr. 14, 2023).  On May 5, 2023,

plaintiff filed a Second Amended Complaint (Doc. #50) and defendants have now renewed their motions to dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

Plaintiff's (second) amended complaint is brought pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA). As previously stated,

> The TVPRA is a criminal statute that also provides a civil remedy to victims of sex trafficking. Section 1591(a) of the Act imposes criminal liability for certain sex trafficking:
>
> (a) Whoever knowingly--
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States,

2

> recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).
>
> 18 U.S.C.A. § 1591(a).  In addition to a criminal punishment, the TVPRA provides the following civil remedy:
>
> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.
>
> 18 U.S.C. § 1595(a).
>
> Thus, the TVRPA authorizes a victim of sex trafficking to bring a direct civil claim against the perpetrator of the trafficking and a "beneficiary" civil claim against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a). To state

3

> a claim for beneficiary liability under the TVPRA, Plaintiff must plausibly allege that the defendant "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) [Defendants] knew or should have known that the venture violated the TVPRA as to [A.D.]." Doe v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021).

Id. at *1-2. The Court will consider each of the elements as applied to the amended pleading.

## II.

The operative amended complaint alleges the following: Defendant Best Western knows and has known for years that sex trafficking and prostitution occur at their branded hotel locations. Defendants R&M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano (R&M Real Estate collectively) are also alleged to know and to have known for years of both occurring specifically at the Best Western Naples Plaza hotel (BW Naples Hotel). (Doc. #50, ¶¶ 2-3.) This action for damages is brought by the Plaintiff, identified by her initials A.D., a survivor of sex trafficking under the TVPRA. (Id. at ¶ 12.)

"With knowledge of the problem, and as a direct and proximate result of Defendants' multiple failures and refusals to act, mandate, establish, execute, and/or modify their anti-trafficking efforts at the BW Naples Hotel, A.D. was continuously sex trafficked, sexually exploited, and victimized repeatedly at the BW Naples Hotel." (Id. at ¶ 17.) Plaintiff alleges that

4

defendants "participated in a hotel operating venture and knowingly benefited from this venture through room rentals, profits, third party fees, and the value of the "good will" of the Best Western® brand. The venture knew or should have known that they were profiting from sex trafficking, including the sex trafficking of A.D., in violation of the TVPRA."  (Id. at ¶ 18.)

Plaintiff alleges that Best Western and R&M Real Estate participated in a hotel operating venture that included staff at the BW Naples Hotel.  R&M Real Estate owns the BW Naples Hotel pursuant to a membership agreement entered into with Best Western.  Plaintiff alleges an agency relationship through Best Western's exercise of ongoing and systemic right to control over BW Naples Hotel.  (Id. at ¶¶ 29-32.)  Best Western makes decisions that directly impact the operations and maintenance of BW Naples Hotel. (Id. at ¶ 40.)  R&M Real Estate directly offered public lodging services at the BW Naples Hotel where A.D. was trafficked for sex. (Id. at ¶ 56.)

During at least 2010 to 2012, emails were exchanged by employees of Best Western that related to sex trafficking in hotels, and R&M Real Estate held meetings through trade organizations on the issue.  (Id. at ¶¶ 64-65.)  Best Western had actual and/or constructive knowledge of sex trafficking, including A.D.'s sex trafficking and victimization, at BW Naples Hotel and it failed to "implement and enforce any of its own policy or

5

policies and protect Plaintiff A.D. from being sex trafficked", and failed to take action to prevent trafficking. (Id. at ¶ 69.)

"Defendants and their employees and staff consistently rented rooms to A.D. and her traffickers despite obvious red flags and indicators of sex trafficking and suspicious activity, thereby participating in a venture that knew or should have known violated the TVPRA." (Id., ¶ 107.) The front desk clerk would question A.D. about why someone with a local driver's license was stayed at the hotel, but would still rent her the room. A.D. would check in for one night and pay for the room with cash. Each morning she would extend her stay for another day until she checked out of the hotel. On many occasions, the BW Naples Hotel employees would tell A.D. to rent a specific room, on a certain floor, near a certain exit way. (Id., ¶¶ 110, 111, 113.) Upon information and belief, Trafficker 2 knew and/or had a relationship with the front desk clerk that worked at night. (Id., ¶ 114.) "Trafficker 2 developed relationships with several of the R&M Defendants' employees and had illicit arrangements with them to conceal their sex trafficking operation." (Id., ¶ 116.)

Best Western would have constructive knowledge of the trafficking through its agency relationship with R&M Real Estate at the BW Naples Hotel. (Id., ¶ 128.) R&M Real Estate employees and staff openly observed signs of trafficking and did not aid plaintiff. R&M Real Estate received revenue and a percentage was

6

provided to Best Western. (Id., ¶ 130.) Through Best Western's relationship with the staff at the BW Naples Hotel, it benefited or received royalty payments, licensing fees, membership fees and dues, reservation fees, and percentages of the gross room revenue. (Id., ¶ 131.) Plaintiff alleges that through R&M Real Estate and Best Western's continuous business venture of renting hotel rooms, R&M Real Estate knowingly benefited or received something of value from activity that it should have known violated the TVPRA. (Id., ¶ 133.) Plaintiff alleges that defendants maintained their deficiencies and knowingly benefited by maximizing profits by reducing the cost of training employees on how to spot human trafficking. (Id., ¶ 145.)

### III.

As previously stated, plaintiff must sufficiently plead that a defendant knowingly benefited from participating in a venture, that the venture violated the TVPRA, and that defendants knew or should have known that the venture violated the TVPRA.

**A. Knowingly Benefited**

To satisfy the first element of a TVPRA beneficiary claim, plaintiff must allege that defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, 21 F.4th at 724. As the Eleventh Circuit stated,

> "Knowingly benefits" means "an awareness or understanding of a fact or circumstance; a state of mind in which a person has no

7

> substantial doubt about the existence of a fact." *Knowledge*, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit "financially or by receiving anything of value." Accordingly, a plaintiff like the Does must allege that the defendant knew it was receiving some value from participating in the alleged venture.

Id. at 723-24. In the absence of a more stringent statutory pleading requirement, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b). Alleging a "continuous business relationship" is sufficient to show a knowing benefit. G.G. v. Salesforce.com, Inc., No. 22-2621, 2023 WL 4944015, at *16 (7th Cir. Aug. 3, 2023). The Court previously found this element could be satisfied at this stage of the proceedings. A.D. v. Best W. Int'l, Inc., at *6.

### B. Participation in Venture - Franchisor

Plaintiff must allege that the benefits received by Best Western were from "participation in a venture" which defendants knew or should have known has engaged in an act in violation of the TVPRA. 18 U.S.C. § 1595(a). The Eleventh Circuit rejected the statutory definition of "participation in a venture" found in the criminal provision, § 1591(e)(4), which defined "participation in a venture" as "knowingly assisting, supporting or facilitating a violation of subsection (a)(1)." Instead, the Eleventh Circuit held that "participation in a venture" in the civil context requires that plaintiff allege that the franchisor "took part in

8

a common undertaking or enterprise involving risk and potential profit." Red Roof Inns, 21 F.4th at 725.

Plaintiff alleges that Best Western "participated in a hotel operating venture that included the R&M Defendants." (Doc. #50, ¶ 29.) Best Western exercises day-to-day control over the BW Naples Hotel, makes decisions that impact the BW Naples Hotel, and ratified the actions or inactions of R&M Real Estate. (Id. at ¶¶ 37, 40, 49.) "Because BWI operated the BW Naples Hotel where A.D. was trafficked and was responsible for its management, supervision, and day-to-day operations, the Defendants, jointly knowingly benefited or received something of value from its participation in a venture which it knew or should have known facilitated sex trafficking through the room rentals A.D. was victimized in." (Id. at ¶ 58.) "Defendant BWI and the R&M Defendants participated in a hotel operating venture in connection with the management and operating of the BW Naples Hotel involving risk and potential profit." (Id. at ¶ 59.) Best Western is alleged to have demonstrated actual and/or constructive knowledge of the "rampant culture of sex trafficking" at their properties around the country. (Id. at ¶ 71.)

These additional facts in the Second Amended Complaint do not detract from the problem with the original pleading as to Best Western. "[A]s the Eleventh Circuit has acknowledged, the alleged venture can be a '*commercial* venture' like running or expanding a

9

business. G.G. v. Salesforce.com, Inc., No. 22-2621, 2023 WL 4944015, at *6 (7th Cir. Aug. 3, 2023) (citing Red Roof Inns, Inc., 21 F.4th at 727 (emphasis added)).  However, as before, "[t]he 'participation' in the sex trafficking venture is essentially that the franchisor and the hotel operator did not fight hard enough to keep these traffickers from using their hotel. The Complaint acknowledges that Defendants opposed sex traffickers, but fault defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture." A.D. v. Best W. Int'l, Inc., at *7.

The Court finds that Best Western must be dismissed as it did not participate in a commercial or sex trafficking venture beyond participation in shared revenue as part of its normal role as a franchisor.  See A.D. v. Choice Hotels Int'l, Inc., No. 2:22-CV-648-JES-NPM, 2023 WL 3004547, at *4 (M.D. Fla. Apr. 19, 2023) (collecting cases).

**C. Participation in Venture - Franchisee**

"In order to plead Defendants participated in a venture, Plaintiff must allege facts from which the Court could reasonably infer the hotels 'could be said to have a tacit agreement' with the trafficker. Plaintiff need not show that defendants had actual knowledge of the participation in the sex-trafficking venture." Doe v. Rickey Patel, LLC, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at *5 (S.D. Fla. Sept. 30, 2020) (citation omitted).  In other

10

words, plaintiff can show a "continuous business relationship" to show participation. J.G. v. Northbrook Indus., Inc., 619 F. Supp. 3d 1228, 1235 (N.D. Ga. 2022); S. Y. v. Wyndham Hotels & Resorts, Inc., 519 F. Supp. 3d 1069, 1081 (M.D. Fla. 2021).

As to R&M Real Estate, the 'participation' is based upon the relationship between the traffickers and the hotel. R&M had actual or constructive knowledge of law enforcement activity at the BW Naples Hotel reporting sexual battery, drug dealing, and other illicit activities, such as a sexual assault at BW Naples Hotel in 2012, and over 100 police interactions in 2012 at BW Naples Hotel. (Doc. #50, ¶ 80.) Each day, Trafficker 1 would move A.D. to a different hotel room at the BW Naples Hotel. (Id. at ¶ 91.) The procession of men – up to 50 to 75 men per week – would have been open and obvious to anyone working at the BW Naples Hotel. (Id. at ¶¶ 92-93.) "Defendants and their employees and staff consistently rented rooms to A.D. and her traffickers despite obvious red flags and indicators of sex trafficking and suspicious activity, thereby participating in a venture that knew or should have known violated the TVPRA." (Id. at ¶ 107.)

These facts at least infer that employees of R&M Real Estate were participating in an enterprise involving risk and knowingly benefiting from the risk. Red Roof Inns, Inc., 21 F.4th at 725 (citing Ricchio v. McLean, 853 F.3d 553, 556-58 (1st Cir. 2017) (agreeing with First Circuit that an operator's association with

traffickers to serve a business objective establishes participation in a venture with a sex trafficker).

### D. Knowledge

This element requires the plaintiff to allege that the defendant had either actual or constructive knowledge that the venture violated the TVPRA as to the plaintiff. Red Roof Inns, 21 F.4th at 725. Knowledge requires an awareness or understanding of a fact or circumstance, while constructive knowledge is knowledge that one should have 'using reasonable care or diligence'. Id. (citing Black's Law Dictionary).

Plaintiff alleges that BW Naples Hotel employees would tell A.D. to rent a specific room, on a certain floor, near a certain exit way and Trafficker 2 knew and/or had a relationship with the front desk clerk that worked at night. (Doc. #50, ¶¶ 113-114.) Trafficker 2 developed relationships with several of the R&M Real Estate employees and had illicit arrangements with them to conceal their sex trafficking operation. (Id. at ¶ 116.) The 'red flags' supporting knowledge include payments in cash, large amounts of used condoms and bodily fluids on the sheets and towels, A.D.'s physical appearance, excessive requests for sheets and cleaning services, the personal relationship between the front desk employees, manager, and A.D.'s traffickers, and the direct employee encounters with A.D. and her traffickers inside BW Naples Hotel. (Id. at ¶ 123.) R&M Real Estate employees and staff openly

12

observed signs of trafficking and did not aid plaintiff. Instead, R&M Real Estate profited from the rooms rented by her traffickers or at the direction of her traffickers. (Id. at ¶ 130.) Plaintiff alleges a continuous business venture for renting hotel rooms, which were used for trafficking, and that R&M Real Estate benefited or received something of value. (Id. at ¶ 133.) The facts are more than simple observations.

The Court finds these facts are sufficient to allege knowledge at this stage of the proceedings. An overt or direct act is not required but is alleged in this case. See, e.g., K.H. v. Riti, Inc., No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *4 (N.D. Ga. Apr. 17, 2023) (collecting cases of direct association between hotel and trafficker); J.C. v. I Shri Khodiyar, LLC, 624 F. Supp. 3d 1307, 1318 (N.D. Ga. 2022) (Plaintiff claims that her daughter was forced to have sex with Defendant's employees); J.G. v. Northbrook Indus., Inc., 619 F. Supp. 3d 1228, 1239 (N.D. Ga. 2022) (employees acted as lookouts for Plaintiff's traffickers).

Accordingly, it is now

**ORDERED**:

1. Defendant Best Western International, Inc's Motion to Dismiss and Motion to Strike (Doc. #51) is **GRANTED** as to the motion to dismiss, otherwise denied as moot, and defendant is dismissed with prejudice.

13

2. Defendants R & M Real Estate Company, Inc., Robert Vocisano and Mario Vocisano's Motion to Dismiss (Doc. #62) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of August 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record